UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRAIG ANDREW PATTON, JR.,

Plaintiff,

v.

UNKNOWN FRANK et al.,

Defendants.

Case No. 1:24-cv-463

Honorable Ray Kent

## **OPINION**

This is a civil rights action brought by Plaintiff Craig Andrew Patton, Jr. under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. (ECF No. 10.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF Nos. 8, 25.)

Under 28 U.S.C. § 1915, when a plaintiff is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . .the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). As set forth fully below, the Court finds that Plaintiff has failed to state a First Amendment retaliation claim against Defendant Frank. Accordingly, Plaintiff's First Amendment retaliation claim is properly dismissed.

This matter is also before the Court on Defendant Frank's motion for summary judgment. (ECF No. 27.) Defendant Frank has shown that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law on the merits and because he is protected by qualified immunity. Therefore, the Court will grant Plaintiff's motion for summary judgment.

## Discussion

### I. Factual Allegations

Plaintiff is serving sentences of 22 to 52 years that were imposed by the Wayne County Circuit Court following Plaintiff's guilty pleas to charges of second-degree murder and the use of a firearm during the commission of a felony. *See* MDOC Offender Tracking Information System (OTIS), https://mdocweb.state.mi.us/otis2/search (enter First Name "Craig," Last Name "Patton," select Search, select Offender Number 356869) (last visited Sept. 22, 2026).[1] Plaintiff is presently housed with the Michigan Department of Corrections (MDOC) at the Muskegon Correctional Facility (MCF) in Muskegon, Michigan.

The Court previously dismissed all of Plaintiff's claims against six of the seven defendants as well as Plaintiff's Eighth Amendment claims against remaining defendant Corrections Officer Frank. At issue in the present motion are the remaining claims Plaintiff has raised against Defendant Frank: a claim that Defendant Frank deprived the Plaintiff of his breakfast on December 1, 2023, in retaliation for Plaintiff's use of the grievance system and a state-law tort claim that Defendant Frank defamed Plaintiff by calling him a rat and a dog.

Plaintiff alleges that on October 25, 2023, between 4:30 and 5:08 p.m., Defendant Frank turned off the water in Plaintiff's cell. When Plaintiff asked why, Defendant Frank stated that until Plaintiff stopped "acting like a dog," he would suffer. (Comp., ECF No. 1, PageID.6, 11.) Plaintiff claims that because of this action, he was deprived of water for approximately

---

[1] This Court takes judicial notice of the information provided by a search of the Michigan Department of Corrections' (MDOC's) OTIS website with regard to Plaintiff. *See, e.g., United States v. Alexander*, 543 F.3d 819, 824 (6th Cir. 2008); *Carpenter v. Mich. Dep't of Corr. Time Computation Unit*, No. 1:13-cv-313, 2013 WL 1947249, at *1 n.1 (W.D. Mich. May 9, 2013); *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821– 22 n.3 (E.D. Mich. 2004).

fourteen hours. (*Id.*, PageID.6–7.) Plaintiff filed a grievance against Defendant Frank. (*Id.*, PageID.7–8.)

On December 1, 2023, according to Plaintiff, the day after Defendant Frank was interviewed regarding Plaintiff's grievance, Defendant Frank denied Plaintiff his breakfast tray. (*Id.*, PageID.6–7.) Plaintiff guesses that the two events—the grievance and the denial of breakfast—were related because of that temporal proximity. (*See* Patton Dep. Tr. Excerpts, ECF No. 28-2, PageID.110.) Defendant Frank's counsel asked Plaintiff what else, other than the expected relationship in time between when Plaintiff believes Defendant was interviewed regarding the grievance and the missed breakfast, made Plaintiff believe the events were related. (*Id.*) Plaintiff responded, "Honestly, nothing." (*Id.*) Plaintiff subsequently asked Defendant Frank why Plaintiff had not received his breakfast tray; Defendant Frank stated, "You a rat, stop talking to me." (Comp., ECF No. 1, PageID.6, 11.)

Plaintiff seeks $500,000.00 in punitive damages and payment of the $350.00 filing fee for this action. (*Id.*, PageID.15.)

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

> draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

When considering whether the complaint states a claim, the Court must "accept all well-pleaded allegations in the plaintiff's complaint as true and view facts in the light most favorable to the plaintiff, [but the Court] 'need not accept as true legal conclusions or unwarranted factual inferences.'" *Nugent v. Spectrum Juvenile Justice Servs.*, 72 F.4th 135, 138 (6th Cir. 2023) (quoting *Bouye v. Bruce*, 61 F.4th 485, 489 (6th Cir. 2023)); *see also Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (noting that in reviewing a motion to dismiss, the district court "must take all the factual allegations in the complaint as true," but that the court is "not bound to accept as true a legal conclusion couched as a factual allegation").

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself; thus, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff contends that Defendant Frank retaliated against Plaintiff for Plaintiff's exercise of a First Amendment right, thereby violating the First Amendment.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.*

Plaintiff adequately alleges that he was engaged in protected conduct. He filed an administrative grievance against Defendant Frank. The filing of a nonfrivolous prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000).

To establish the second element of a retaliation claim, a prisoner-plaintiff must show adverse action by a prison official sufficient to deter a person of ordinary firmness from exercising his constitutional rights. *Thaddeus-X*, 175 F.3d at 396. The adverseness inquiry is an objective one and does not depend on how a particular plaintiff reacted. The relevant question is whether the defendants' conduct is "*capable* of deterring a person of ordinary firmness"; the plaintiff need not show actual deterrence. *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002) (emphasis in original).

In *Moore v. Liewert*, No. 22-2056, 2023 WL 8378827 (6th Cir. Aug. 16, 2023), the Sixth Circuit Court of Appeals determined that denial of a single meal did not rise to the level of adverse action:

> In this case, the district court held that Moore's retaliation claim failed as a matter of law because being made to miss a single meal is not an adverse action. We agree. Although satisfying the adverse-action element is not an onerous burden, *see id*. at 398, the denial of a single meal, even taking into consideration Moore's diabetes,

> is a de minimis event that would not deter a prisoner of ordinary firmness from engaging in protected conduct. *See Oliver v. Parkkila*, No. 13-2448, slip op. at 4 (6th Cir. May. 16, 2014) (citing *Romero v. Lann*, 305 F. App'x 242, 243 (5th Cir. 2008) (per curiam) (denying a retaliation claim because the denial of two meals in eight months was de minimis); and *Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (per curiam) (holding that the provision of only one meal a day for fifteen days was not cruel and unusual punishment under the Eighth Amendment)); *Watkins v. Rogers*, 525 F. App'x 756, 759 (10th Cir. 2013) (finding "a single, isolated incident" where a prisoner was "not provided a meal" did not violate an inmate's constitutional rights"); *Lindsey v. O'Connor*, 327 F. App'x 319, 321 (3d Cir. 2009) ("The purported deprivation of a single meal is not of such magnitude as to rise to the level of a constitutional violation.").

*Moore*, 2023 WL 8378827, at *3.

Plaintiff alleges that he was denied one meal by Defendant Frank. Plaintiff has failed to allege adverse action that would deter a prisoner of ordinary firmness from engaging in protected conduct. Accordingly, Plaintiff has failed to state a First Amendment retaliation claim against Defendant Frank on which relief may be granted.

## III. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact is genuinely disputed when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249 (citing *First Nat'l Bank of Ariz. v. City Serv. Co.*, 391 U.S. 253, 288–89 (1961)). "Putting all of that together, Rule 56 asks 'whether the evidence is so one-sided that one party must prevail as a matter of law.'" *DeVooght v. City of Warren, Mich.*, 157 F.4th 893, 899 (6th Cir. 2025) (quoting *Anderson*, 477 U.S. at 252).

Summary judgment is not an opportunity for the Court to resolve factual disputes. *Id*. The Court "must shy away from weighing the evidence and instead view all the facts in the

light most favorable to the nonmoving party and draw all justifiable inferences in their favor." *Wyatt v. Nissan N. Am., Inc.*, 999 F.3d 400, 410 (6th Cir. 2021). Nonetheless, a court need not accept bare legal conclusions couched as factual allegations or unwarranted factual inferences in resolving a motion for summary judgment. *See, e.g., Yanovich v. Zimmer Austin, Inc.*, 255 F. App'x 957, 969 (6th Cir. 2007) ("Even under the generous standard of review for a grant of summary judgment, we do not 'accept as true legal conclusions or unwarranted factual inferences.'").

An opponent of a motion for summary judgment "may not rest upon mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 248. The non-moving party "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Id.*, at 257. Federal Rule of Civil Procedure 56(c) identifies the types of affirmative evidence contemplated: "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Defendant Frank has provided a verified declaration, grievance documents, the meal log, the Oaks Correctional Facility Handbook, and a surveillance video recording in support of his motion. Plaintiff has not responded in any way to Defendant Frank's motion.

It is important to note that "[e]ven if Rule 56 commands judges to view the facts in the light most favorable to the nonmoving party, it certainly doesn't require [the court] to put blinders on." *DeVooght*, 157 F.4th at 900. It is clear that Plaintiff's unsworn version of his encounters with Defendant Frank conflict with Defendant Frank's verified account. Moreover, at Plaintiff's deposition, Plaintiff's sworn description regarding the distribution of breakfast on

December 1, conflicted with Defendant Frank's verified account and the surveillance video recording.

> When . . . the parties tell conflicting stories, "one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). This applies not only when there is videotape evidence, but whenever the nonmoving party's version is "so blatantly contradicted by objective evidence in the record that it fails to create a genuine issue of material fact for trial." *Coble*, 634 F.3d at 869.

*Booher ex rel. T.W. v. Montavon*, 555 F. App'x 479, 484 (6th Cir. 2014) (parallel citation and footnote omitted).

Plaintiff alleged and then testified that Defendant Frank gave breakfast to the prisoner in the cell immediately before Plaintiff's, and then "[h]e instantly just peeled on and go to the cell . . . 123," the cell after Plaintiff's. (Patton Dep. Tr. Excerpts, ECF No. 28-2, PageID.105.) That testimony is blatantly contradicted by videotape evidence. The video confirms Defendant Frank's description of the events. He gave breakfast to the cell immediately preceding Plaintiff's cell. Defendant Frank then opened the food slot for Plaintiff's cell and determined that Plaintiff was not waiting at the cell door, but was instead in his bed. Properly deeming that circumstance to constitute a refusal, Defendant Frank moved on.

In considering a motion for summary judgment, the Court may not rely on a party's version of the facts that is "utterly discredited" by the video evidence "such that no reasonable jury could believe him." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Rather, the Court should view the facts "in the light depicted by the videotape." *Id*. at 380–81.

"[T]he standard that a movant must meet to obtain summary judgment depends on who will bear the burden of proof at trial." *Trs. of Iron Workers Defined Contribution Pension Fund v. Next Century Rebar, LLC*, 115 F.4th 480, 488 (6th Cir. 2024) (alteration in original) (quoting *Pineda v. Hamilton Cnty.*, 977 F.3d 483, 491 (6th Cir. 2020)). "[W]hen the moving party

bears the burden of proof [at trial], their initial summary judgment burden is higher in that [they] must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Id*. at 489 (quoting *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001) (internal quotation marks omitted). When the moving party does not bear the burden of proof at trial, they may meet their initial burden at summary judgment by "either: (1) submitting 'affirmative evidence that negates an essential element of the nonmoving party's claim'; or (2) demonstrating 'to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.'" *Kava v. Peters*, 450 F. App'x 470, 473 (6th Cir. 2011) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 331 (1986) (Brennan, J., dissenting)).The nonmovant must then present "sufficient evidence from which a jury could reasonably find in [their] favor." *Davis v. Sig Sauer, Inc.*, 126 F.4th 1213, 1230 (6th Cir. 2025) (cleaned up).

Plaintiff—the non-moving party—bears the burden of proof at trial. The moving party, Defendant Frank, must either demonstrate that Plaintiff cannot present evidence to show an essential element of his claim or present evidence that negates an essential element of Plaintiff's claim. As set forth below, the Court finds that Defendant Frank has made the necessary showing. Plaintiff's First Amendment retaliation claim fails upon summary judgment review for the same reason it fails to state a claim: the purported "adverse action"—denying Plaintiff one meal—would not deter a person of ordinary firmness from exercising his First Amendment rights.

Moreover, Defendant Frank is entitled to the protection of qualified immunity. Under this defense, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."

*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (internal quotation marks omitted). The doctrine of qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law." *Carroll v. Carman*, 574 U.S. 13, 17 (2014).

The qualified-immunity inquiry involves two questions: whether the defendant violated a constitutional right and whether that right was clearly established. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009). "These questions may be answered in any order; if either one is answered in the negative, then qualified immunity protects the official from civil damages." *Brown v. Chapman*, 814 F.3d 447, 457 (6th Cir. 2016). "On summary judgment, the court must analyze these questions after construing the facts in the light most favorable to the party asserting the injury and drawing all reasonable inferences in that party's favor." *Id*. "When, as here, a defendant raises qualified immunity as a defense, the plaintiff bears the burden of demonstrating that the defendant is not entitled to qualified immunity." *Everson v. Leis*, 556 F.3d 484, 494 (6th Cir. 2009).

For all of the reasons stated above, the first qualified immunity inquiry favors Defendant Frank. The second inquiry favors Defendant Frank as well. In light of the Sixth Circuit's decision in *Moore*, Plaintiff cannot show that every reasonable official would have known that denying Plaintiff one meal would violate Plaintiff's First Amendment rights. Defendant Frank, therefore, is entitled to summary judgment in his favor based on qualified immunity as well.

## IV. Plaintiff's State-Law Defamation Claim

In determining whether to retain supplemental jurisdiction over state law claims, "[a] district court should consider the interests of judicial economy and the avoidance of

multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)).

Because Plaintiff's federal claim against Defendant Frank will be dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law defamation claim.

## Conclusion

The Court finds that Plaintiff has failed to state a First Amendment retaliation claim against Defendant Frank on which relief may be granted. Accordingly, Plaintiff's federal claim against Defendant Frank is properly dismissed. Moreover, Defendant Frank has shown that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law on the merits and because he is protected by qualified immunity. Accordingly, the Court will grant Defendant Frank's motion for summary judgment. (ECF No. 27.) The Court will dismiss Plaintiff's state-law defamation claim without prejudice because the Court declines to exercise supplemental jurisdiction over that claim.

An order and judgment consistent with this opinion will be entered.

Dated: September 24, 2026

/s/ Ray Kent
Ray Kent
United States Magistrate Judge